UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY LASHAWN FORTNER,<br>　　　　Plaintiff,<br>　　v.<br>CLINE, et al.,<br>　　　　Defendants. | Case No. 25-cv-03368-HSG<br>**ORDER OF DISMISSAL** |

Plaintiff has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983.[1] His complaint (Dkt. No. 1) is now before the Court for review pursuant to 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

---

[1] On or about February 3, 2025, Plaintiff commenced this action by filing the pleading docketed at Dkt. No. 1 in the Central District of California. Dkt. No. 1. Although Dkt. No. 1 used the form petition for a writ of habeas corpus, Dkt. No. 1 did not challenge the legality of Plaintiff's custody, but instead challenged the conditions of his confinement. On February 14, 2025, after judicial review, the Central District of California construed Dkt. No. 1 as a prisoner civil rights complaint. Dkt. No. 4.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Dismissal with Prejudice**

The complaint names as defendants "Deputy Cline, Lake County Jail Sheriff Department, Sgt. Jacob, Deputy Vierna." Dkt. No. 1 at 1. The complaint makes the following allegations. Plaintiff's speech is unclear due to injuries he suffered when he was run over in 2022 and nearly lost his life. Deputy Cline mimicked Plaintiff's voice and made fun of Plaintiff, which caused Plaintiff emotional stress, and emotional and physical pain; and made Plaintiff feel less than a man. Deputy Cline violated "Federal law ADA mental health and disability act." The complaint makes no factual allegations regarding the Lake County Jail Sheriff Department, Sgt. Jacob, or Deputy Vierna. *See generally* Dkt. No. 1.

The Court DISMISSES the complaint with prejudice for failure to state a claim. The complaint does not state a claim for a violation of the Americans with Disabilities Act. Plaintiff was not denied services or programs. *Hyer v. City & Cnty. of Honolulu*, 118 F.4th 1044, 1065 (9th Cir. 2024) ("To state a claim under Title II of the ADA, a plaintiff generally must show: (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of a public entity's services, programs or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs or activities or was

1  otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits or
2  discrimination was by reason of his disability.") (internal quotation marks and citation omitted).
3  The complaint also does not state a cognizable civil rights claim.  Allegations of verbal harassment
4  and abuse do not state a cognizable 42 U.S.C. § 1983 claim.  *See Freeman v. Arpaio*, 125 F.3d
5  732, 738 (9th Cir. 1997) *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878,
6  884-85 (9th Cir. 2008); *Rutledge v. Arizona Bd. of Regents*, 660 F.2d 1345, 1353 (9th Cir. 1981),
7  *aff'd sub nom. Kush v. Rutledge*, 460 U.S. 719 (1983).

8  The Court notes that Plaintiff has raised in other actions his claim that deputy Cline has
9  mimicked him and made fun of him.  *See* C No. 25-cv-2506 HSG, *Fortner v. Lake County Jail*, *et
10  al.*, Dkt. No. 1; C No. 25-cv-02615, *Fortner v. Lake County Jail Staff*, Dkt. No. 12.  Duplicative or
11  repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C.
12  § 1915 as malicious.  *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).  An *in forma
13  pauperis* complaint that merely repeats pending or previously litigated claims may be considered
14  abusive and dismissed under Section 1915.  *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th
15  Cir. 1995); *Bailey*, 846 F.2d at 1021.

16  The Court DISMISSES this action for failure to state a claim.  Dismissal is with prejudice
17  because amendment would be futile.  *Plumeau v. Sch. Dist. #40, Cty of Yamhill*, 130 F.3d 432, 439
18  (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

19  In accordance with 28 U.S.C. § 1915(g), the dismissal of this case is hereby designated as
20  a "strike" for failing to state a claim upon which relief may be granted.  28 U.S.C. § 1915(g).

## CONCLUSION

For the foregoing reasons, the Court DISMISSES this action with prejudice for failure to state a claim.

**IT IS SO ORDERED.**

Dated: 5/8/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge

3